**FILED**
November 16, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRANT OWENS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | Civil Action: 1:26-cv-02581-RP |
| | § | |
| | § | |
| U-HAUL CO. OF TEXAS, | § | **JURY DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE**

1. Plaintiff opposes Defendant's request for relief from its expired response deadline under Fed. R. Civ. P. 6(b)(1)(B). Dkt. 6. The evidence establishes Defendant’s missed deadline, Plaintiff's earlier physical filing for default, material contradictions in Counsel's signed conference certificates, and Defendant's use of the ensuing filings to displace default and defer an answer to the Complaint.

## I. EXPIRED RESPONSE DEADLINE AND FILING CHRONOLOGY

2. **Service and Conceded Nonresponse.** Defendant’s Counsel acknowledges service on September 29, 2026, its October 20 answer deadline, and the absence of a timely answer or other response. Dkt. 6 at 2; Burns Decl. ¶¶ 2–5. Defendant further identifies November 2nd as the date its responsible attorney learned of the suit and November 3 as the date

outside Counsel was retained. Dkt. 6 at 2. No answer was submitted during the following week before Plaintiff invoked Rule 55 on November 10.

3. **Plaintiff Filed Default Before Defendant Filed for Leave.** Plaintiff filed Dkts. 10–11 in person with the Clerk at approximately 12:25 p.m. on November 10, 2026, following a courthouse parking payment recorded at 12:16 p.m. Ex. A at 2 (November 10 parking receipt). The court-generated Docket Activity Report identifies both submissions as FILED November 10, notwithstanding their administrative ENTRY on November 12. It identifies Dkt. 6 as ENTERED November 10 at 4:53:52 p.m. Ex. B at 2 (PACER Docket Activity Report). The filing chronology is not reversed by the order in which the Clerk subsequently entered documents on the docket. Fed. R. Civ. P. 5(d)(2)(A), 79(a).

4. **Leave Sought Is Not Leave Granted.** Dkt. 6 is expressly opposed and seeks permission to file its attached proposed arbitration motion, Dkt. 6-2. Defendant's proposed order directs the Clerk to file that motion if leave is granted. Dkt. 8 at 1. Under Local Rule CV-7(b), the proposed motion remains an exhibit to the request for leave unless and until the Court grants leave and the Clerk files it. Defendant neither filed an answer nor obtained authorization to substitute its proposed arbitration motion for one.

## II. EXCUSABLE NEGLECT

5. **Defendant Failed to Provide Any Excusable Neglect Attributable to a Party to This Suit.** All Defendant's requested consideration for excusable neglect has been attributable to a non-party attorney participant who is outside of the permissible "party" exception of Fed. R. Civ. P. 6(b)(1)(B). Whittlesey v. Weyerhaeuser Co., 640 F.2d 739, 742 (5th Cir. 1981): The party seeking relief bears the burden of pleading and proving excusable neglect. L.A. Public Insurance Adjusters, Inc. v. Nelson, 17 F.4th 521, 525–27 (5th Cir. 2021): The party must establish excusable neglect for its failure to meet the deadline;

counsel's omissions do not automatically excuse it. Defendant's Motion for Leave should be denied.

6. **This Court's Application of Excusable Neglect.** In YES PERIOD, LLC v. Lottery.com, Inc., No. 1:23-cv-00616-RP, Dkt. 36, at 5–7 (W.D. Tex. Nov. 18, 2024), this Court denied leave despite the movant's assertions of good cause and absence of prejudice because the actual cause of its alleged oversight remained unexplained. Applying Whittlesey v. Weyerhaeuser Co., 640 F.2d 739, 742 (5th Cir. 1981), this Court required the movant to plead and prove excusable neglect. Defendant's Counsel has likewise failed to establish the factual cause of Defendant's noncompliance. Assertions of good faith and lack of prejudice cannot substitute for a party missing required proof. Accordingly, the Motion for Leave should be denied under Rule 6(b)(1)(B).

7. **Counsel's UHI Account Does Not Establish Defendant's Excusable Neglect.** U-Haul Co. of Texas (UHTX) is Defendant; Burns works for U-Haul International, Inc. (UHI), a separate corporation that manages UHTX litigation. Young Decl. ¶¶ 2–5; Burns Decl. ¶ 1. Defendant's Counsel relies on Burns's assertion of a communication failure within UHI, but Burns identifies neither the date CT Corporation forwarded service to UHI nor when UHI received the papers, generated the litigation hold, or assigned the matter. He identifies no sender, recipient, failed communication, date, or mechanism explaining how the purported assignment failed. Burns Decl. ¶¶ 2, 4–5.

8. **Attorney Departure Does Not Represent Current Attorney Circumstances.** LeFleur's September 4 departure—25 days before September 29 service—does not supply the missing cause. Id. ¶ 3. Burns asserts that UHTX did not intend delay or tactical advantage without identifying any UHTX communication, decision, officer, or firsthand basis. Id. ¶ 7; Fed. R. Evid. 602.

9. **No Sworn Statement From U-haul Co. of Texas Explains Its Failure to Respond.** Defendant's Counsel offers an unsubstantiated account of another corporation's administrative failure, with neither a documented transmission chronology nor a demonstrated causal mechanism, as proof of Defendant's own excusable neglect and good faith. The submitted evidence does not satisfy Rule 6(b)(1)(B). Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Whittlesey v. Weyerhaeuser Co., 640 F.2d 739, 742 (5th Cir. 1981); L.A. Pub. Ins. Adjusters, Inc. v. Nelson, 17 F.4th 521, 525–27 (5th Cir. 2021).

## III. CONFERENCE CONTRADICTIONS, AND GOOD FAITH

10. **Counsel Described Leave to Answer, Not Arbitration.** At approximately 1:20 p.m. on November 10, after Plaintiff had filed default, Counsel telephoned Plaintiff, represented that Defendant would seek leave to file an ANSWER, and requested withdrawal of Plaintiff's default submissions because Counsel had contacted him. Arbitration was not mentioned in the conversation. Counsel's subsequent email confirms the conference and requests withdrawal of Plaintiff's default filing. Ex. C at 2. Nevertheless, Counsel certified in Dkt. 6 at 8 and in the attached proposed arbitration motion, Dkt. 6-2 at 12, that Counsel conferred about the relief requested in those motions and attributed to Plaintiff an objection that the proposed arbitration motion was moot. Those certifications materially misstate the relief communicated to Plaintiff and the subject of his response.

11. **Counsel's Email Contradicts the Asserted Failure to Identify Default.** Both certificates state that Plaintiff did not identify what, if anything, he had filed. Dkt. 6 at 3 n.1, 8; Dkt. 6-2 at 12. But Counsel's 5:10 p.m. email refers to the afternoon discussion and expressly asks Plaintiff to withdraw his 'filing regarding default' because Defendant had appeared. Ex. C at 2 (Counsel's November 10, 5:10 p.m. email). Dkt. 12 at 3 attempts

to explain the earlier representation by reference to the docket as last reviewed. The signed certificates, however, purport to describe Plaintiff's statements during the telephone conference, not Counsel's prior docket review. Dkt. 12 also characterizes Dkt. 6 as representing Plaintiff had not sought default, although Dkt. 6 expressly acknowledges that Plaintiff was seeking it. Dkt. 6 at 3 n.1. Following the 1:20 p.m. conference, Defendant entered Dkt. 6 at 4:53:52 p.m., and Counsel renewed the request to withdraw default by email at 5:10 p.m. Exs. B–C. Dkt. 6 seeks arbitration and an extension postponing an answer; Dkt. 6-2 expressly reserves all merits defenses; Dkt. 12 addresses Dkts. 10–11 and requests denial of default or alternative relief under Rule 55(c). Dkt. 6 at 1, 6–7; Dkt. 6-2 at 1; Dkt. 12 at 1–2, 8. Plaintiff asserts that disclosure of his existing default filings during the conference precipitated Defendant's November 10 filing.

12. **Defendant's Affirmative Representations of Good Faith Conflict With Its Conduct.** Dkt. 6 claims Defendant 'come forward on its own,' sought 'no tactical advantage,' and did not attempt to postpone adjudication. Dkt. 6 at 2, 5–6. But Defendant requested withdrawal of existing default filings, sought leave to compel a forum change, and asked to postpone answering until fourteen days after an arbitration ruling or the lifting of a stay. Dkt. 6 at 1, 6–7; Ex. C at 2. These are material contradictions in the actual conduct and requested relief, not merely the passage of time. The signed conference certifications further impeach the assertion of good faith under Rule 6(b)(1)(B) and Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993).

## IV. ACTUAL PREJUDICE AND FAILURE TO ANSWER

13. **The Requested Relief is Not a Routine Extension to Answer.** Counsel represented leave to answer during the conference. Ex. C at 2 documents Counsel's subsequent

request that Plaintiff withdraw his default filing. Yet Dkt. 6 asks the Court to permit an arbitration motion and defer any answer until after the arbitration question is resolved, potentially until a stay is lifted. Dkt. 6 at 1, 6–7. That relief would displace the Rule 55 process Plaintiff had already invoked, postpone a merits response, and seek a different forum under an arbitration agreement Plaintiff expressly disputes. Defendant's assertion of no meaningful prejudice omits these consequences of its own requested order.

14. **Defendant's Subsequent Filings Still Do Not Answer the Complaint.** Defendant expressly states in proposed Dkt. 6-2 that it seeks no merits ruling and reserves merits defenses for arbitration. Dkt. 6-2 at 1. Dkt. 12 is an opposition to default, not an answer: it seeks leave, denial of default, and alternatively setting aside an entry under Rule 55(c). Dkt. 12 at 1–2, 8. Defendant's attempt to characterize its appearance and pending leave as an accomplished response does not establish excusable neglect or erase its failure to comply with the expired response deadline. Defendant's reliance on Gonzalez v. Carmona, No. 25-50178 (5th Cir. Oct. 31, 2025), overlooks that leave was actually granted in that case; none has been granted here.

15. **Entry of default and Default Judgment Remain Separate Questions.** Plaintiff submitted his requests for Clerk's entry under Rule 55(a) and for subsequent judgment under Rule 55(b)(2). Dkts. 10–11. Defendant's observation that no entry of default yet appears on the docket does not supply an answer or establish that opposed leave has been granted. The Court should decide the contested Rule 6(b) request on its actual evidentiary showing without treating a proposed filing or Defendant's attack on default as an automatically authorized merits response.

16. **Tactical Misuse of Rule 6(b)(1)(B) and Prejudice to Plaintiff.** Defendant's Counsel characterizes its motion as a good-faith correction of inadvertent neglect while expressly denying any tactical advantage or prejudice. Dkt. 6 at 4–6. Yet after learning that Plaintiff

had sought default (Ex. C at 2), Counsel deliberately elected not to tender an answer. Instead, Counsel sought leave to compel arbitration, stay Plaintiff's federal action, defeat the pending default proceedings, and postpone Defendant's response obligation indefinitely if arbitration is compelled. **These are intentional litigation objectives that directly interfere with Plaintiff's pursuit of finality, not neutral consequences of correcting an oversight.** Rule 6(b)(1)(B) provides relief for excusable neglect, not an entitlement to convert an expired deadline into a strategic advantage. See Vasudevan v. Administrators of Tulane Educational Fund, 706 F. App'x 147, 151 (5th Cir. 2017) (affirming rejection of excusable neglect where counsel elected to pursue a different filing); Pioneer Investment Services Co. v. Brunswick Associates, 507 U.S. 380, 395 (1993) (requiring consideration of good faith and prejudice). Counsel's affirmative choice of relief, its timing following Plaintiff's default requests, and its contradictory representations concerning tactical advantage warrant a finding against good faith. Plaintiff requests denial of leave and adjudication of his pending Rule 55 requests without permitting Defendant to obtain the very procedural advantage Counsel denies seeking.

## V. REQUESTED RELIEF

17. Plaintiff requests that the Court:
18. DENY Defendant’s Motion for Leave as Defendant has not established excusable neglect and good faith under Rule 6(b)(1)(B);
19. Expressly consider the contradictory November 10 conference certifications, contemporaneous email, and documented filing sequence (Dkt. 6 at 8; Dkt. 6-2 at 12; Ex. C at 2; Ex. B at 2);

20. Recognize that the opposed request for leave has not authorized Defendant's filing Motion to Compel Arbitration Dkt. 6-2 or deferred the expired answer deadline;
21. Preserve the November 10 FILED dates and times of Dkts. 10–11 and the evidence of their earlier physical submission (Ex. A at 2; Ex. B at 2);
22. If leave is granted, provide Plaintiff with the procedural response time to file a response to Defendant's Motion to Compel Arbitration
23. and determine the pending Rule 55(a) request independently of the subsequent request for leave, reserving Rule 55(b)(2) judgment procedures for separate determination.

Respectfully submitted,

[signature]

Grant Owens, Plaintiff pro se
1051 W. South St., Leander, Texas 78641
(620) 474-2839

CERTIFICATE OF SERVICE

I certify service on Defendant's Counsel on November 16th, 2026, by

Certified Mail. Exhibits: 9589 0710 5270 1598 8503 26

9589 0710 5270 1598 8503 19

[signature]

Grant Owens

# Exhibit A


ZONE 39310
Plate
859NMZZ
Expires
11/10/26
02:31 PM
Paid: $ 5.00
Date/Time: 11/10/26 12:16 PM
Meter: 10000412

# Exhibit B

Query Reports Utilities Help Log Out

# Docket Activity Report

## U.S. District Court [LIVE] -- Western District of Texas

## Report Filed Period: 11/10/2026 - 11/16/2026

| Case Number/Title | Dates | Category/ Event | Docketed by | Notes |
|---|---|---|---|---|
| 1:26-cv-02581-RP Owens v. U-Haul Co. of Texas | *Entered:* 11/10/2026 16:53:52 *Filed:* 11/10/2026 | *Category:* motion *Event:* Extension of Time to File Response/Reply *Document:* 6 | S. Brutocao *Type:* aty | *Cause:* 42:2000 Job Discrimination (Religion) *NOS:* Civil Rights: Jobs *Office:* Austin *Presider:* Robert Pitman *Jury demand:* Plaintiff |
| | *Entered:* 11/10/2026 16:59:34 *Filed:* 11/10/2026 | *Category:* misc *Event:* Certificate of Interested Parties *Document:* 7 | S. Brutocao *Type:* aty | |
| | *Entered:* 11/10/2026 17:00:55 *Filed:* 11/10/2026 | *Category:* misc *Event:* Proposed Order *Document:* 8 | S. Brutocao *Type:* aty | |
| | *Entered:* 11/10/2026 17:02:33 *Filed:* 11/10/2026 | *Category:* misc *Event:* Proposed Order *Document:* 9 | S. Brutocao *Type:* aty | |
| | *Entered:* 11/12/2026 12:36:10 *Filed:* 11/10/2026 | *Category:* motion *Event:* Clerk's Entry of Default *Document:* 10 | C. Rodriguez *Type:* crt | |
| | *Entered:* 11/12/2026 12:38:40 *Filed:* 11/10/2026 | *Category:* motion *Event:* Default Judgment *Document:* 11 | C. Rodriguez *Type:* crt | |
| | *Entered:* 11/13/2026 16:16:20 *Filed:* 11/13/2026 | *Category:* respm *Event:* Response in Opposition to Motion *Document:* 12 | S. Brutocao *Type:* aty | |

## Selection Criteria for Report

| | |
|---|---|
| **Case number** | 1:26-cv-2581 |
| **Filed Date** | 11/10/2026 - 11/16/2026 |

| | |
|---|---|
| **Entered Date** | All |
| **Office** | All |
| **Nature of Suit** | All |
| **Cause** | All |
| **Case type** | All |
| **Case flags** | All |
| **Open Cases** | No |
| **Closed Cases** | No |
| **Event Category** | All |
| **Docket Text** | summary |
| **Sort by** | case number |
| **Total Number of Docket Entries: 7** | |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/14/2026 18:50:19 | | | |
| **PACER Login:** | grantowens | **Client Code:** | |
| **Description:** | Docket Activity Report | **Search Criteria:** | 1:26-cv-02581-RP Filed From: 11/10/2026 Filed To: 11/16/2026 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# Exhibit C

Gmail

Joshua Staudt <staudt5150@gmail.com>

## Fwd: Owens v. U-Haul of Texas, CIVIL ACTION NO. 1:26-cv-02581-RP (USDC WDTX)

1 message

**Grant Owens** <grantowens5800@gmail.com> Tue, Nov 10, 2026 at 6:29 PM
To: "Staudt5150@gmail.com" <Staudt5150@gmail.com>

---------- Forwarded message ---------
From: **Desiree Brutocao** <dbrutocao@cornellsmith.com>
Date: Tue, Nov 10, 2026 at 5:10 PM
Subject: Owens v. U-Haul of Texas, CIVIL ACTION NO. 1:26-cv-02581-RP (USDC WDTX)
To: GrantOwens5800@gmail.com <GrantOwens5800@gmail.com>
Cc: Scott Brutocao <sbrutocao@cornellsmith.com>

Mr. Owens,

This is a follow up to our phone call this afternoon. Please see my contact information below. I am also copying Scott Brutocao, who is the lead attorney on the case.

As discussed, we have filed a motion for leave to file out of time and a motion to compel arbitration today. We are sending all the filings to the address you have listed, but as a courtesy I am also attaching in this email. Please let me know if you will accept email service going forward.

For clarity:

1. Motion for Leave to File Its Motion to Compel Arbitration
2. Declaration of D. Burns in Support of Motion for Leave
3. Exhibit A—Motion to Compel
4. Exhibit A-1: Declaration of Pamela Young in Support of Motion to Compel
5. Proposed Order on Motion for Leave
6. Proposed Order on Exhibit A—Motion to Compel
7. Defendant's Rule 7.1 Disclosure Statement

Based on our discussion, please let me know if you will withdraw your filing regarding default now that U-Haul of Texas has made an appearance.

Thank you,

Desiree

**Desiree Brutocao**

Attorney

Board Certified in Labor and Employment Law

Texas Board of Legal Specialization

*Licensed in Texas and California*

1607 West Avenue, Austin, Texas 78701

Main: 512.328.1540

Direct: 512.334.2248

www.cornellsmith.com

CORNELL SMITH MIERL BRUTOCAO BURTON

BOARD CERTIFIED Texas Board of Legal Specialization LABOR AND EMPLOYMENT LAW

CONFIDENTIALITY NOTICE: The information contained in this ELECTRONIC MAIL transmission is privileged and confidential, intended only for the use of the individual or entity to whom it was addressed. It may be subject to the attorney-client privilege or be privileged work product or proprietary information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication (other than to the addressee(s)), is strictly prohibited.

**7 attachments**

**DECLARATION OF DWAYNE BURNS IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME.pdf**
53K

**DECLARATION OF PAMELA YOUNG IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS WITH EXHIBITS A-C.pdf**
374K

**DEFENDANT'S OPPOSED MOTION FOR LEAVE TO FILE ITS MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS OUT OF TIME AND TO EXTEND ITS DEADLINE TO ANSWER.pdf**
228K

**DEFENDANT'S RULE 7.1 DISCLOSURE STATEMENT.pdf**
133K

**EX A DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS.pdf**
250K

**Proposed Order on Motion for Leave to File Out of Time.pdf**
102K

**Proposed Order on Motion to Compel Arbitration.pdf**
100K